

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 25, 1967

Dr. John Kinross-Wright
Commissioner
Texas Department of Mental
  Health and Mental Retardation
Box S, Capitol Station
Austin, Texas

Opinion No. M-152.

Re: Whether, by virtue of Article
    3174b-2, Vernon's Civil Stat-
    utes, Article 3871b, Vernon's
    Civil Statutes, and the Texas
    Mental Health Code (Articles
    5547-1, et seq., Vernon's
    Civil Statutes), the Depart-
    ment of Mental Health and
    Mental Retardation has the
    duty and authority to pro-
    vide necessary medical treat-
    ment or services to persons
    admitted or committed, with-
    out anyone else's consent,
    and related question.

Dear Dr. Kinross-Wright:

In your request for an opinion from this office you state the following:

"Frequently, a mentally retarded person at one of our special schools or a patient at one of our mental hospitals who is mentally incompetent will have a medical problem which needs immediate attention such as the recent case of a mentally retarded person at one of our State schools whose jaw became swollen and obviously quite painful. This person was a hyperactive (highly excitable) young female whose natural parents could not be reached because they were out of the country. Viewed as an emergency involving possible loss of life, this person was physically restrained, given sedation so that the necessary examination could be made and abscessed teeth were abstracted.

"It seems fairly obvious that many if not most of the duties and obligations of such a

parent, spouse or guardian in regard to care, custody and control of the student or patient are relinquished and vested in the Department of Mental Health and Mental Retardation by virtue of Article 3871b, V.C.S., known as 'The Mentally Retarded Persons Act', as amended by Chapter 255, page 567 of the Acts of the 60th Legislature, Regular Session, 1967, and by the Texas Mental Health Code, codified in Article 5547-1, et seq., V.A.C.S.

"The 54th Legislature in 1955, approximately one month before passing 'The Mentally Retarded Persons Act', passed an Act relating to 'Medical treatment and services in State Hospitals and Special Schools', codified as Article 3174b-2, V.C.S. The preamble of public policy in this act of the Legislature reflected the desirability of prompt medical treatment in the State institutions listed, but it does not appear to intend to make authorizations from parents, spouses or guardians mandatory but merely provided an alternative consent procedure if such consent was considered necessary.

"Article 5547-70 requires the head of a mental hospital to provide adequate medical and psychiatric care and treatment for every patient in accordance with the highest standards of medical practice and Article 3871b requires the Board (now the Department of Mental Health and Mental Retardation) to designate the institution in which any mentally retarded person under its jurisdiction is placed, and may designate any institution or part thereof under its management and control as a special facility for the diagnosis, special training, education, supervision, treatment, care or control of mentally retarded persons."

You request our opinion on the following questions.

1. Whether the Department of Mental Health and Mental Retardation has the duty and authority without the consent of anyone to provide necessary medical treatment services to persons admitted or committed to them under authority of:

(a) Article 3871b, V.C.S., and/or

(b) Texas Mental Health Code (Article 5547-1 et seq.)?

2. If others must consent before necessary medical treatment services may be given, please indicate whose consent is necessary in each class of persons?

The Mentally Retarded Persons Act is contained in Article 3871b, Revised Civil Statutes of Texas. Section 13 of that Act provides that the Board shall establish and maintain diagnostic centers in its own institutions and may, if it desires and the diagnosis warrants, inform the parents, or spouse, or guardian, or responsible relative of the inmate of the results of the examination and any recommendations of the staff conducting the examination and rendering the diagnosis.

Article 5547-1, et seq., Vernon's Civil Statutes, contains the provisions relative to the Texas Mental Health Code. Section 70 of that Act expressly provides that the head of a mental hospital shall provide adequate medical and psychiatric care and treatment for every patient in accordance with the highest standards accepted in medical practice.

Article 3174b-2, Vernon's Civil Statutes, which gives the Board power to provide medical treatment and services without the consent of relatives, etc., provides as follows:

"The Board for Texas State Hospitals and Special Schools, directly or through its authorized agent or agents, shall provide or perform recognized medical treatment or services to persons admitted or committed to its care. Where the consent of any person or guardian is considered necessary, and is requested, and such person or guardian shall fail to immediately reply thereto, the performance or provision for the treatment or services shall be ordered by the superintendent upon the advice and consent of three (3) medical doctors, at least one of whom must principally be engaged in the private practice of medicine. Where there is no guardian or responsible relative to whom request can be made, treatment and operation shall be performed on the advice and consent of three (3) physicians licensed by the State Board of Medical Examiners. This authority shall not allow the performance of any operation involving sexual sterilization or frontal lobotomies."

Dr. John Kinross-Wright, page 4 (M-152)

The Preamble of Public Policy for said Article 3174b-2 states the following:

"It is the sense of the Legislature that laws are insufficient or nonexistent which regulate the duties of the Board for Texas State Hospitals and Special Schools with respect to the performance of operations, surgery, and treatment of persons committed to the care of such Board; and that this condition causes undue and harmful delay, while the consent of such persons is being secured for such purposes, to the detriment of health and impairment of life of persons being treated in hospitals controlled by the Board for Texas State Hospitals and Special Schools; and that it would be advantageous to have specific authority to perform such services."

The Title of the above described Act provides that it is for the purpose of permitting the Board of Texas State Hospitals and Special Schools to provide or perform necessary treatment and medical services to persons admitted or committed to its care without the consent of responsible relatives or guardians in certain cases.

In 1965 the State Board for Texas Hospitals and Special Schools was abolished when the Legislature enacted the Texas Mental Health and Mental Retardation Act, codified as Article 5547-201 to 5547-204, Vernon's Civil Statutes, which created the Texas Department of Mental Health and Mental Retardation and gave it the exclusive management and control of State hospitals and schools.

It is the opinion of this department that, if feasible, it would be the better practice for the Board to obtain the permission of the spouse, parents, relative or guardian; however, such consent is not required if the procedure set out in said Article 3174b-2, Vernon's Civil Statutes, is followed.

S U M M A R Y

Under the provisions of Article 3174b-2, Vernon's Civil Statutes, 3871b, Vernon's Civil Statutes, and the Texas Mental Health Code (Article 5547-1, et seq., Vernon's Civil Statutes), the Department of Mental Health and Mental Retardation has the duty and authority to provide

Dr. John Kinross-Wright, page 5  (M-152)


        necessary medical treatment or services to per-
        sons admitted or committed without obtaining
        anyone else's consent.

                        Very truly yours,

                        CRAWFORD C. MARTIN
                        Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Malcolm Quick
James Broadhurst
Roger Tyler

A. J. CARUBBI, JR.
Staff Legal Assistant